# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRANK MACIAS,

    Plaintiff,

    v.                                                      Civ. No. 19-60 KWR/GBW

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte*. The Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction, filed July 11, 2019 **(Doc. 27).** The parties timely responded to the Order to Show Cause and agreed that the Court lacks jurisdiction over the subject matter in this case. **Docs. 28, 29.** Having reviewed the parties' pleadings and the applicable law, the Court finds that it lacks subject matter jurisdiction, and therefore this case is **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

Plaintiff Frank Macias is one of three beneficiaries to a life insurance policy administered by Metropolitan Life Insurance Company ("MetLife") and held by Tracy D. Hall ("Hall") who is now deceased. Macias contests the designation of a life insurance policy under the Federal Employees' Group Life Insurance Act of 1954 ("FEGLI"). Hall's relatives have alleged that she was not competent when she filled out the beneficiary designation form, that it is not valid, and that the original beneficiary designation form (naming family members as beneficiaries) should control the distribution of Hall's policy. MetLife is a Defendant and Interpleader Counterclaimant

in this case, and seeks a Court Order allowing it to deposit the disputed FEGLI proceeds in the Court Registry (amounting to $264,000) and be dismissed from the case.

The Complaint asserts federal question jurisdiction based on the dispute regarding benefits owed under the FEGLI. Plaintiff does not allege diversity jurisdiction. Plaintiff asserts claims of breach of contract and fraud, and seeks relief declaring him as the rightful legal beneficiary of the policy proceeds.

MetLife has taken the position that it cannot determine whether Ms. Hall lacked mental competence to complete the May 2017 form and therefore cannot take any position regarding its validity. MetLife has filed several unopposed motions:

> (1) seeking to dismiss two defendant counterclaim defendants (Doc. 24);
>
> (2) to obtain an entry of default and default judgment on another two who were served with the summons and interpleader counterclaim but have not responded (Doc. 25); and
>
> (3) and to deposit funds into the Court registry and for dismissal of MetLife (Doc. 26).

Upon the dismissal of MetLife, the case then would presumably proceed to litigate the matter of Ms. Hall's competency at the time she completed the latest designation of beneficiary form and thus, whether that form was valid.

The Court read the complaint and doubted whether it had jurisdiction over the subject matter in this case. The Court subsequently *sua sponte* issued an order to show cause and directed (1) Plaintiff Frank Macias and (2) Defendant Metropolitan Life Insurance to do the following:

> (1) provide legal authority on whether FEGLI offers a private right of action in federal court and whether it raises a federal question which this Court has authority to decide; and
>
> (2) if such jurisdiction exists, offer reasons why that jurisdiction extends to the *particular facts of this case,* that is, a dispute over who gets the proceeds.

**Doc. 27.** Plaintiff Frank Macias and Defendant Metropolitan Life Insurance timely responded to the order to show cause and agreed that the Court lacks subject matter jurisdiction in this case. **Docs. 28, 29.** No other parties objected.

## DISCUSSION

The primary issue in the complaint is whether the Ms. Hall's designation of beneficiary form was valid and whether she was competent when she signed the beneficiary form.

Absent diversity jurisdiction, this type of action for unpaid life insurance benefits generally does not involve a question of FEGLI. *See Herrera v. Metro. Life Ins. Co.*, No. 11 CIV. 1901 LAK, 2011 WL 6415058, at *4 (S.D.N.Y. Dec. 19, 2011) ("FEGLIA arguably does not confer subject matter jurisdiction on the district courts to hear actions for unpaid benefits"); *Kittner v. Metro. Life Ins. Co.*, No. 01-CV-0146E(SR), 2001 WL 388754, at *2 (W.D.N.Y. Apr. 13, 2001) ("Although federal statutes and regulations may ultimately be looked to at some point in this litigation, plaintiff's action, at its core, requires only an interpretation of the FEGLIA policy and such interpretation is guided by state law."); *Metro. Life Ins. Co. v. Thompson*, 2018 WL 7324383, at *3 (E.D.N.Y. Dec. 14, 2018), *report and recommendation adopted,* 2019 WL 634651 (E.D.N.Y. Feb. 14, 2019) ("Although FEGLIA is a creature of federal law, its presence in the complaint is insufficient to confer federal subject matter jurisdiction. FEGLIA does not create a private right of action"). This line of cases holds that because federal law does not supply the cause of action, district courts have subject matter jurisdiction over a non-diverse FEGLI dispute only where a "substantial and disputed federal question is necessarily raised in the complaint." *Id.*

Given the factual posture of this case and the agreement of the parties, the Court finds that it lacks subject matter jurisdiction.[1] The Court observes that the central dispute in this case does

---

[1] Plaintiff has asserted only federal question as the basis for jurisdiction. However, the Court would note that even diversity jurisdiction would require specific allegations and a showing that *each* stakeholder is diverse from *each*

not concern the application or interpretation of the policy in question; the sole dispute is to determine who has the legal right to proceeds after a determination of the decedent's mental competency at the time the designation of beneficiary form was completed. *See, e.g., Belvis v. Metro. Life Ins. Co.*, 2018 WL 3117141, at *1 (S.D. Fla. June 20, 2018) (holding that a claim for FEGLI benefits did not require "the resolution of a substantial question of federal law"); *Parker v. Metro. Life Ins. Co.*, 264 F. Supp. 2d 364, 366-67 (D.S.C. 2003) (though FEGLIA indisputably controlled the policy at issue, the case did not turn on its application and therefore did not arise under federal law*); Rollins v. Metropolitan Life Ins. Co.*, 863 F.2d 1346 (7th Cir.1988) (FEGLIA does not preempt equitable state law principle regarding constructive trust in disposition of proceeds); *Mall v. Atl. Fin. Fed.*, 127 F.R.D. 107, 110 (W.D. Pa. 1989) (same).

In his response, Plaintiff requested that the Court remand this case to state court. However, this case was originally filed in federal court. *See* **Doc. 1.** Plaintiff did not provide any authority indicating that this Court can remand a case that was not removed from state court. *See, e.g.,* 28 U.S.C. § 1447 (providing district court's authority to remand case *after* removal). Although the order to show cause specifically referenced *dismissal*, Plaintiff did not indicate which state court should receive this case. *See* **Doc. 27**. Therefore, the Court will dismiss this case without prejudice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

_____
KEA W. RIGGS
United States District Judge

---

claimant under the interpleader Rule 22 and the general diversity statute. *Leimbach v. Allen*, 976 F.2d 912, 916 (4th Cir. 1992). The Complaint does not mention diversity jurisdiction, nor will the Court extend such an interpretation to the allegations in the pleading.